DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**ASSOCIATES IN FAMILY PRACTICE OF BROWARD, LLC** a/a/o
**YVETTE BROWN,**
Appellant,

v.

**ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY,**
Appellee.

No. 4D21-173

[June 23, 2021]

Appeal from the County Court for the Seventeenth Judicial Circuit, Broward County; Betsy Benson, Judge; L.T. Case Nos. COCE18-6840 and CACE19-21865.

Douglas H. Stein of Douglas H. Stein, P.A., Coral Gables, for appellant.

Daniel E. Nordby of Shutts & Bowen LLP, Tallahassee, and Garrett A. Tozier of Shutts & Bowen LLP, Tampa, for appellee.

DAMOORGIAN, J.

Associates in Family Practice of Broward, LLC ("Provider") appeals the final summary judgment entered in its action against Allstate Fire and Casualty Insurance Company ("Allstate") for unpaid personal injury protection ("PIP") benefits. The county court entered judgment in Allstate's favor after concluding that Provider improperly unbundled certain billing codes. For the reasons discussed below, we affirm.

The underlying case arose when Yvette Brown ("the insured") was injured in a car accident and sought medical treatment from Provider. In order to receive treatment, the insured assigned her rights to receive PIP benefits under her policy with Allstate to Provider. After the insured's visit, the physician who evaluated her ("the evaluating physician") wrote an initial report which stated that the insured complained of neck pain radiating to her left shoulder, upper back pain, and left shoulder pain. The report also included an assessment of the insured's musculoskeletal condition and a separate procedures section stating that the insured

received manual muscle testing of her hand with comparison to her normal side and listed the strength of each of her hands in pounds.

Afterwards, Provider billed Allstate using four different Current Procedural Terminology ("CPT") codes as published in the American Medical Association's CPT Manual, two of which are relevant to this case: CPT code 99205-25 ("the evaluation and management code") and CPT code 95832 ("the manual muscle testing code"). Allstate paid the evaluation and management code claim but denied payment for the manual muscle testing code claim. Allstate explained the reason for the denial as follows: "The provider has used modifier -25 to identify that on this date of service, the patient's condition required a significant, separately identifiable [evaluation/management] service above and beyond the other service provided . . . ." In accordance therewith, Allstate requested additional documentation demonstrating the appropriate use of the modifier -25. Provider did not submit the requested additional documentation.

After Provider sent a demand letter which Allstate denied, Provider brought a breach of contract action against Allstate for reimbursement of the amounts billed relating to the manual muscle testing code. In its answer, Allstate affirmatively asserted that Provider "improperly unbundled [the manual muscle testing code] from [the evaluation and management code] because, absent a separate and distinctly-identifiable written and signed report, muscle testing is inherent in the office visit encompassed by [the evaluation and management code]."

Both parties ultimately filed competing motions for summary judgment. In its motion, Provider argued that it was entitled to reimbursement for the provided treatment and attached the evaluating physician's affidavit which, for the first time, explained that the insured received "additional Muscle Testing for each hand in the office in order to rule out any additional localized damage in the wrist, hand, [or] on the left upper extremity." The evaluating physician's affidavit further explained that the initial report separately reported this muscle testing procedure because it was set off in a different section of the report.

Allstate, in turn, reasserted its affirmative defense and attached to its motion the affidavit of an expert CPT coder. In relevant part, the coder attested that:

1. Provider improperly billed for the manual muscle testing code because the evaluating physician failed to include "a separately identifiable signed report that stipulates the specific muscles or muscle

2

groups included in this diagnostic test, as required by the [American Medical Association] . . . ."

2. "The lack of a report demonstrates that the Manual Muscle Testing performed on this date of service is part of the examination portion of the [evaluation/management] service and therefore bundled into the more comprehensive [evaluation/management service]."

3. The evaluating physician "provid[ed] no evidence of what type of testing was done or the significance of the pounds reported for left and right hand[s]."

4. "[T]he provider did not utilize a grading scale or any indication of the status of the testing . . . ."

Based on these findings, the coder concluded that the evaluating physician did not comply with the applicable coding guidelines.

The court ultimately entered final summary judgment in favor of Allstate, concluding that Provider improperly unbundled the manual muscle testing code because it did not provide a separate written report for the service and the testing could have been part of the "high-level" evaluation and management code. In so concluding, the court explained:

> Section 627.736(5)(d), Florida Statutes, provides that medical services not billed in compliance with AMA CPT billing guidelines are not payable. Section (5)(b)1.e., in turn, provides that a code that is unbundled per AMA CPT billing guidelines is also not payable. In answering questions of whether medical services are properly billed/coded in compliance with AMA CPT guidelines, the Court looks to the CPT Manual and the CPT Assistant. *State Farm Mut. Auto. Ins. Co. v. R.J. Trapana, M.D. P.A.*, 23 Fla. L. Weekly Supp. 98a (Fla. 17th Cir. Ct. (App.) May 2015) ("*Trapana*"); *Daniel Madock v. Progressive Express Ins. Co.*, 11 Fla. L. Weekly Supp. 408b (13th Cir. Ct. (App.) March 3, 2004).
>
> CPT Code 95832 is defined in the 2017 CPT Manual as "muscle testing, manual (<u>separate procedure</u>) <u>with report</u>; hand, with or without comparison with normal side" (emphasis added). Thus, the definition of CPT Code 95832 within the CPT Manual provides that manual muscle testing of the hand billed as 95832, must be its own, separate

procedure and must be supported by a report. The CPT Assistant confirms this and provides further guidance:

> Manual muscle test findings can be reported using either a numerical scale (0-5) or equivalent semiquantitative language, such as zero, trace, fair, good or normal . . . . Manual muscle testing requires a separate report identifying specific muscles and their grades. Manual muscle testing that does not meet these criteria should be considered part of the evaluation and management (E/M) service . . . . Gross testing of muscle strength . . . is typically included as part of the physical examination, of the key components used to determine the level of E/M service codes . . . . The documentation should support the need for manual muscle testing services performed on the same date of service as an E/M service . . . . The language included in each of the descriptors for use of these codes indicates . . . the preparation of a separate, written report of the findings as a necessary component of the procedure. Manual muscle testing that includes standardized scale comparisons and a <u>separate, written report</u> is separately reportable from E/M services performed on the same date . . . . From a CPT coding perspective, codes designated as separate procedures should not be reported in addition to the code for the total procedure or service for which they are considered integral components. It is incumbent upon the provider to support the need for range of motion or manual muscle testing services in the documentation.

CPT Assistant, May 2008, page 9 (emphasis added). The citation to this CPT Assistant article is specifically listed within the definition of 95832 in the CPT Manual, which is incorporated by reference into Section (5)(d) of the PIP Statute. *See Trapana, supra.*

In the instant case, CPT Code 95832 was billed in conjunction with CPT Code 99205, an office visit code for evaluation and management ("E/M") of a new patient, defined as follows:

4

Office or other outpatient visit for the evaluation and a management of a new patient, which requires these 3 key components:

- a comprehensive history;
- a comprehensive examination;
- medical decision making of high complexity.
. . . Usually, the presenting problem(s) are of moderate to high severity. Typically, 60 minutes are spent face-to-face with the patient and/or family.

2017 CPT Manual, page 12 (emphasis added). CPT Code 99205 is the highest level E/M Code for a new patient and includes a "comprehensive examination." In support of its billing of CPT Codes 99205 and 95832 on the same date, Plaintiff submitted a single four-page report documenting the patient's presenting condition, medical history, physical examination, diagnoses, plan of care and certification of Emergency Medical Condition. The only notation within this four-page report in support of the billing of 95832 was the following:

**Procedures**
95832 – MUSC TSTG MNL W/REPRT HAND W/WO CMPRSN NRML SIDE; 08/30/17 12:00 AM; Right hand strength 34 lbs left hand strength 18lbs; Performed in office

This notation is included within the office visit or E/M report and is therefore not a "separate, written report" as required by AMA CPT guidance. Furthermore, the strength of specific hand muscles graded using a numerical or standardized scale or equivalent semi-quantitative language is not included in the notation. The notation does not document the need for separate manual muscle testing of the hands performed on the same day as an E/M service. It does not document what specific hand muscle tests were performed. Due to the foregoing, Plaintiff's notation failed to satisfy the definition of Code 95832. The code was not billed in compliance with the AMA CPT guidelines, and is therefore not payable under Section (5)(d) of the PIP Statute. Furthermore, because the hand strength testing could have been part of the comprehensive physical examination portion of the high-level office visit billed as CPT Code 99205, 95832 is considered

5

unbundled from 99205 pursuant to Section (5)(b)1.e. of the PIP Statute.

We adopt the county court's well-reasoned order in its entirety. As correctly found by the county court, the evaluation and management code encompassed the manual muscle testing code. As such, in order to unbundle the codes, Provider was required to provide a separate written report explaining why the manual muscle testing was necessary beyond the gross muscle testing encompassed within the evaluation and management service. *See State Farm Mut. Auto. Ins. Co. v. R.J. Trapana, M.D., P.A.*, 23 Fla. L. Weekly Supp. 98a (Fla. 17th Cir. Ct. May 14, 2015) (review of X-rays improperly unbundled from evaluation and management code where the provider did not provide a separate report "solely about his interpretation of the X-rays"). Merely including a notation in the single four-page report and adding a modifier -25 to the evaluation and management code was not enough to bill for the codes separately. Moreover, although Provider later provided the evaluating physician's affidavit explaining why the manual muscle testing was necessary, this does not change the fact that Provider failed to provide a separate report when submitting its bill.

For the foregoing reasons, we affirm the county court's entry of summary judgment in Allstate's favor.

*Affirmed.*

KUNTZ and ARTAU, JJ., concur.

*   *   *

***Not final until disposition of timely filed motion for rehearing.***